[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a wrongful death action. The first four counts of the complaint are claims by Magdalena Valdes, as Administratrix of Luis Diaz' estate for his death. The fifth count is a claim by Magdalena Valdes, as mother of Luis Diaz, for the loss of consortium of her son. Defendants seek to strike the fifth count, claiming that loss of consortium by a mother of a deceased person is not a viable claim in an action for wrongful death.
A wrongful death action by a decedent's estate for recovery of the decedent's damages is authorized only by statute. General Statutes 52-555. Also, actions for loss of consortium by spouses in wrongful death actions have been authorized by 52-555a et seq. Prior to the enactment of 555a et seq., however, our Supreme Court did not allow loss of consortium claims even for spouses in wrongful death actions. It held: "A surviving spouse may not recover for postmortem loss of consortium under either the statutory or common law, of Connecticut; since its enactment, the wrongful death statute (52-555) has been regarded as the exclusive means by which damages resulting from death are recoverable, and the focus under that statute is the value of the decedent's life from his or her viewpoint, not from that of his or her family." Ladd v. Douglas Trucking Co., 203 Conn. 187 (1987). Subsequent to the Ladd decision the legislature passed General Statutes 52-555a et seq. which allowed loss of consortium claims for spouses in wrongful death actions. The legislature did not, however, provide for loss of consortium claims for any other members of a deceased person's family.
Accordingly, the Motion to Strike is granted.
Allen, J. CT Page 10871